IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE YBARRA, | No. C 07-2802 MMC (PR) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE; DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| ROBERT AYERS, Warden, | |
| Respondent. | **(Docket No. 5)** |

On May 30, 2007, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 1980, in San Francisco County Superior Court, petitioner was convicted of kidnaping for purposes of robbery. In 2005, the California Board of Prison Hearings ("BPH") denied petitioner parole. Petitioner challenged that decision by habeas petitions filed in the San Francisco County Superior Court, the California Court of Appeal and the Supreme Court of California. All three habeas petitions were denied.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner claims: (1) he did not receive proper notice of his parole suitability hearing, in violation of his right to due process; (2) the BPH's decision violated petitioner's right to due process because the BPH considered irrelevant and unreliable evidence in reaching its decision; (3) the BPH violated petitioner's right to due process[1] by misapplying its regulations in reaching its decision; (4) the California Supreme Court's denial of petitioner's habeas petition, based on a finding of "some evidence" to support the BPH's decision, violated petitioner's right to due process; (5) the denial of petitioner's habeas petition by the San Francisco County Superior Court violated petitioner's right to due process; and (6) the summary denial of petitioner's habeas petition by the California Court of Appeals violated petitioner's right to due process.

The last three claims set forth above, which are the ninth, tenth, and eleventh "Grounds" for relief set forth in the petition, (see Petition at 75-81), are not cognizable because they allege errors in state habeas proceedings. Errors in the state collateral review process are not properly addressed through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). Such errors do not represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See id. They pertain instead to the review process itself and not to the constitutionality of a state

---

[1] This claim is raised in "Grounds" 3 through 8 of the petition. (See Petition at 46-74.)

conviction. See Franzen, 877 F.2d at 26 (finding delay in state habeas proceedings not addressable in federal habeas); Hopkinson v. Shillinger, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (finding state court's summary denial of petition for post-conviction relief is procedural deficiency in review process that does no violence to federal constitutional rights); see also Application of Gordon, 157 F.2d 659, 660 (9th Cir. 1946) (finding allegation that state court decided appeal improperly not sufficient to state claim in federal habeas). Consequently, petitioner's ninth, tenth and eleventh "Grounds" for relief will be dismissed for failure to state a cognizable claim for federal habeas relief.

Liberally construed, petitioner's other claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The ninth, tenth and eleventh "Grounds" in the petition are DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

8. In light of petitioner's payment of the filing fee, the application to proceed in forma pauperis is DENIED as moot.

This order terminates Docket No. 5.

IT IS SO ORDERED.

DATED: June 13, 2007

_____
MAXINE M. CHESNEY
United States District Judge