# EXHIBIT  C

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) DATE: 6/10/80 |
| | ) JUDGE: MULLINS |
| | ) DEPARTMENT NO.: 23 |
| Plaintiff, | ) COURT NO(S).: 101295 |
| | ) |
| -vs- | ) CHARGED WITH: 187 PC, 2nd, w/ 12022B PC |
| JOSE YBARRA, | ) found to be true & 245A PC |
| | ) |
| Defendant. | ) |
| | ) CONVICTED OF: 187 PC, 2nd Degree, w/ |
| | 12022B PC & 245A |

DOB:                10/5 /33
PROB. NO.:          237011
SFPD NO.:           122781
CII NO.:            784 452
OFFENSE DATE(S):    11/10/79
ARREST DATE(S):     11/15/79
DATE AND SENTENCE:

PROBATION OFFICER REPORT AND RECOMMENDATION
TO THE ABOVE ENTITLED HONORABLE COURT

DISTRICT ATTORNEY:           J. BENSON

ATTORNEY FOR DEFENSE:        R. BERMAN

DATE OF PLEA/VERDICT:        5/13/80

CUSTODY STATUS:              In

DAYS IN CUSTODY:             147 days

REFERRED TO PROBATION DEPARTMENT:  5/13/80

CURRENT ADDRESS:   no local

CITY:              STATE:              ZIP CODE:

EMPLOYED:   SSI

VIF: yes           VC:   no           EXCLUDABLE:   Yes

RECOMMENDATION

It is respectfully recommended that probation be denied and
the defendat committed to the Department of Corrections.

AP 88 (8/79)

IN THE CASE OF JOSE' YBARRA

SUPERIOR COURT NO. 101295

CHARGE:    VIOLATION OF SEC. 187 PC, 2ND DEGREE (MURDER) w/
         A 12022 B PC FOUND TO BE TRUE;

         VIOLATION OF SEC. 2 45A PC (ADW)


### PRIOR RECORD

According to the San Francisco Police Department, CII, and FBI,
the defendant has the following record of prior offenses.


| 8/31/53 | San Francisco, CA |
|---|---|
| | 488 PC (Petty Theft), 3 counts |
| | 9/11/53:  Count I, dismissed; defendant |
| | sentenced to 90 days on the remaining two |
| | counts, to run concurrently. |

| 9/1/53 | San Francisco, CA |
|---|---|
| | 459 PC (Burglary) |
| | 9/30/53:  3 yrs. probation, 6 mos. CJ, restitution |

| 8/11/54 | San Francisco, CA |
|---|---|
| | 242 PC (Battery) |
| | 8/12/54:  30 days CJ |

| 12/23/54 | San Francisco, CA |
|---|---|
| | Susp. 211 PC (Robbery)   A32730 |
| | 4/18/55:  Sentenced to California state prison |
| | (San Quentin) |
| | 10/18/56:  Defendant was paroled. |
| | 2/27/70:   He was returned to state prison as |
| | a parole violator. |
| | 6/7/71:    Paroled to San Francisco |

| 8/30/57 | San Francisco, CA |
|---|---|
| | Susp. 211 PC (Robbery) |
| | 12/15/57:  Defendant pled guilty to a reduced |
| | section, 240 PC (Assault); 1 yr. CJ |

IN THE CASE OF JOSE' YBARRA       (cont.)

5/19/58        San Francisco, CA
               Sups. 187 PC (Murder)
               10/15/58:  Sentenced to CSP

               In this case the defendant stabbed the victim seven
               times in the chest and neck without provocation.
               On 6/20/68, he was paroled to San Francisco.
               On 2/27/70, he was returned to state prison as
               a parole violator.
               On 6/7/71, he was paroled to San Francisco.


12/13/69       San Francisco, CA
               N/W 496 PC (RSP)
               12/15/69:  Rebooked in violation of 496 PC
               12/16/69:  The matter was treated as a misdemeanor
               and he received 90 days in the county jail,
               concurrent with other charges.


12/15/69       San Francisco, CA
               496 PC (RSP)
               12/16/69:  Defendant pled guilty to 242 PC,
               and received 30 days in county jail.


10/17/62       San Francisco, CA
               667 PC (Petty Theft after Conviction of a Felony)
               Rebooked 488 PC; 20 days CJ


9/8/73         San Francisco, CA
               11377 H&S (Possession of Barbiturates)
               9/11/73:  Rebooked as charged
               11/19/73: Pled guilty to 11350 H&S (Possession of
               Heroin)
               12/10/73: Sentenced to SP; 5 days CJ CTS


6/29/78        San Francisco, CA
               242 PC (Battery)
               6/30/78:  6 mos CJ s/s; 24 mos. prob. to Ct. on
               cond. 2 days CJ, 2 days CTS


- 2 -

IN THE CASE OF JOSE' YBARRA          (cont.)

3/19/79          San Francisco, CA
                 245A PC (Assault w/ Deadly Weapon)
                 6/28/79:  Imp s/s; 3 yrs. probation; 9 mos. CJ;
                 71 days CTS; on completion of CJ, matter can
                 be reduced to misd. pursuant to 17 PC.


                          PRESENT OFFENSE

STATEMENT OF OFFENSE:

The following account of the present offense is based on the
San Francisco Police Department Initial Incident Report,
#79-3178453 and excerpts from the Preliminary Hearing held
January 24, 1980 in Department 19, the Honorable Frank Hart,
Judge presiding.

The defendant was originally charged with:  Count I, violation of
Section 187 PC (Murder); Count II, violation of Section 245A PC
(Assault w/ a Deadly Weapon).

He has been found guilty by a jury of being in violation of
Section 187 PC (Murder) 2nd Degree with a 12022 B PC allegation
found to be true and violation of Section 245A PC (Assault w/ a
Deadly Weapon).   He has been found guilty of assaulting the
victim identified as Ms. Linda Delgado, a 49-year-old female.


According to the SFPD Initial Incident Report, the following
sequence of events occurred.

*facts* On 11/10/79, a San Francisco Police Officers responded to 237 Leavenworth
Street, Apt. 304, where they were told by additional victim
John Barabutes that on this date the defendant entered the
premises of 237 Leavenworth Street, Apt. 340 and began punching *victim,*
*paraplegic* about the face and head. Barabutes stated that the defendant
then picked up a glass bottle of syrup and struck him in the
head. He further stated that Victim #2, identified as Ms. Linda
Delgado, who was employed by him as his private caretaker, had tried
to come to his aid and was immediately set upon by defendant Jose
Ybarra. Barabutes indicated that the defendant punched Ms. Delgado
repeatedly, knocking her to the floor, and then kicked her numerous
*with a frying pan*

                          - 3 -

IN THE CASE OF JOSE YBARRA        (cont.)

times and then kicked her viciously about the head and then fled
the apartment on foot, directions unknown.

Officers then responded to San Francisco General Hospital, where
they talked to a Dr. Link, who stated to them that victim
Delgado was unresponsive and in critical condition and could
lose her life. At that time it was ascertained that the suspect
may have been a former friend of Delgado, but officers were unable
to ascertain the identity due to victim Delgado's condition.

On 11/13/79 a Supplemental Report was necessary to reclassify
the incident to a homicide.  On 11/13/79, the victim, Linda
Delgado, died of injuries sustained in the assault on her on
11/10/79.

A following up investigation was conducted on Thursday, 11/15/79.
At that time it was revealed that the victim Linda Delgado
was severely beaten by her boyfriend, suspect Jose Ybarra,
on Saturday, 11/10/79.  Mrs. Delgado died as a result of the
injuries received in that beating.  Victim John Barabutes had
also been assaulted by the defendant and later was threatened
with bodily harm should he testify.  This threat took place while
the victim Barabutes was recovering from his injuries at
San Francisco General Hospital.

On 11/15/79, investigating officers interviewed the suspect in
the Homicide Detail.  Jose Ybarra was then placed under arrest and
taken to County Jail #1, where he was booked for investigation
for murder and aggravated assault.

From the preliminary hearing it was ascertained that the victim
John Barabutes and victim Linda Delgado were residing together
at 237 Leavenworth Street, Apt. 304.  Mr. Barabutes is a paraplegic.
He  stated Mrs. Delgado was living there and cleaning his place
for him.  He stated that his physical condition requires that he
have that type of assistance.  Mrs. Delgado is said to have had
numerous boyfriends, one of them being the defendant Jose Ybarra.

- 4 -

IN THE CASE OF JOSE YBARRA      (cont.)


On the night of the incident, Ybarra is said to have knocked on
the door, and Mr. Barabutes, before opening the door, ascertained
that it was defendant Ybarra.  He told Linda Delgado that it
was Ybarra and she said, "open the door."  When victim Barabutes
opened the door, Mr. Ybarra is said to have immediately attacked
him, swinging at him.  Ybarra is said to have gotten a
frying pan from the kitchen and began beating her around the face
and head.  After beating her with the frying pan to the point
of unconsciousness, he began kicking her and at one time tried
to choke her.  Mr. Barabutes tried to give Ms. Delgado some
assistance, at which time he was struck on the head with a
glass bottle of syrup.  Mr. Barabutes also testified that two
days prior to the incident, the defendant Jose Ybarra had stated
to him that he would kill the victim Linda Delgado.


The preliminary hearing was held January 24, 1980 and as a result
of this hearing, the defendant was held to answer on the
charge of 187 PC, 2nd Degree w/ 12022 B PC held to be true
and the charge of 245A PC.  Prosecution of the case was assigned
to Deputy District Attorney Jerome Benson and Deputy Public
Defender Robert Berman was appointed legal counsel.




DEFENDANT'S STATEMENT:

Defendant Jose Ybarra declined to submit a handwritten statement
regarding the present offense due to the fact that he has
problems with the English language.  However, he did submit the
following oral statement.

I never denied that I was responsible.  To me it was an accident.
If I wanted to kill her, I am an addict and she is an addict
and I could of given her some bad drug.  To me it was an accident.
She was operated on twice at the hospital and had many complications
such cirrhosis of the liver, pneumonia, a bloodclot, and several
other things.  On that night I had been drinking.  I had a fix
earlier that day, and I just lost control of myself.  I did not
know that I hurt her that bad.

IN THE CASE OF JOSE YBARRA       (cont.)

DEFENDANT'S STATEMENT            (cont.)

The whole thing started this way.  I had an apartment on Ellis
Street.  Linda was allowed to stay at my place when I was sentenced
to county jail.  She began bringing dudes up to my apartment to
do drugs and etc.  She only visited me three times while I was
in jail.  One day she came to see me.  We had an argument and
I cut her loose and told her to go her own way and I would go mine.
On the date I was released from county jail, one of the deputies
told me that my wife had called and told me to catch a cab and
come home right away.  She had told me that she was staying with
an old man who was a paraplegic and that she was just staying there
to assist him in cleaning his place.  Prior to this she had lost
all of my clothes and sold a car of mine, without my permission.
I had forgiven her for this.  The old man indicated that I could
stay at the house until I received one of my checks.  One night
I woke up and Linda was gone.  I asked the old man where she was
and he said that Linda had left because she was angry with me.
I asked the old man if I could stay there, and he said no because
he would get into trouble with the housing authority.  I left
and went over to a friend's place.  My friend and I began drinking
earlier that day and doing some drugs.  I began to get wasted
and wound up where Linda and the old man were staying.  I knocked
on the door and Linda had a blanket around her, and I noticed
that she had on no clothes, just panties and a bra.  I was hurt
and pissed off and started slapping her around and the old man
put his two cents in, and I struck him with a syrup bottle.
She was my woman since 1971 and she was always playing games.
When I went to state prison I did not have to go when they came
up with charges on Linda and me to allow her to remain free.
She did many bad things to me.  As I said before, she has sold
my car and while I was in prison she was sending some money to a
guy in San Quentin.  She asked me to forgive her for that and
I did.  I had a lot of patience with her.

I did not intentionally try to kill her.  To me it was an
accident.  I just lost control of myself.  I realize that I am
responsible and I accept that responsiblity.  The only thing is
I don't see why the Courts would give me more time than they
would anyone else.  I am willing to do what I've got coming, no
more and no less.  But it feels unfair to me that people like
Dan White and other guys up here who I know have committed
intentional murder, robbery and everything else receive one year
in the county jail and others receive no more than three or four
years in state prison.  As I stated before, I loved Linda Delgado
and I still do.  I just didn't know I had hurt her that bad."

- 6 -

IN THE CASE OF JOSE YBARRA          (cont.)


VICTIM'S STATEMENT:

The victim, Linda Delgado, died as a result of the injuries
received in a beating administered by defendant Jose Ybarra
on 11/10/79.  Mrs. Delgado was a long-time girlfriend of
defendant Ybarra.  On several occasions she has been to this
department in defense of Mr. Ybarra's antisocial behavior.



DISTRICT ATTORNEY'S STATEMENT:

The District Attorney's Office has not submitted circumstances
in aggravation.


DEFENSE ATTORNEY'S STATEMENT:

Deputy Public Defender Robert Berman did not submit circumstances
in mitigation.



SOCIAL HISTORY


BACKGROUND:

Defendant Jose Garza Ybarra was born on 10/5/33 in Harlingen,
Texas.  He is the fifth child born to the union of Sylvano
and Josephine Ybarra.  Defendant's father and mother received a
divorce when he was quite young and the defendant remained in
the custody of his mother until he was 12 years old.  At the
age of 12, the defendant left home and lived in Texas with
Chicano families and worked in the fields in order to pay room and
board.  He came to San Francisco at the age of 17 to live with
an older brother, identified as Mr. Marcos Munoz.  The mother is
said to now live in Harlingen, Texas and her address is unknown.
Defendant's father is now deceased.

The defendant lists no one to contact in case of emergency.

- 7 -

IN THE CASE OF JOSE YBARRA        (cont.)

EDUCATION:

The defendant has had very little education and it is alleged
that he has completed the equivalence of 5th grade while
incarcerated in San Quentin.


EMPLOYMENT:

Defendant Jose Ybarra is a 47-year-old white male of Latin
descent who is unskilled and has sporadic history of gainful
employment.  His past employment consists of farm labor,
kitchen work, dishwashing, railroad section work, and construction
work.

The defendant was employed by the Bethlehem Steel Company as
a laborer from 1951 until 1954.  From 1968 to 1969, he worked out
of the Ship Scalers Union in local shipyards in the San Francisco
area.

He is presently unemployed and receives SSI for mental disability.
He was unemployed at the time of arrest for the present offense,
and his social security number is listed as 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.


FINANCIAL STATEMENT:

Defendant indicates that he owns no real or personal property
and has no bank account.  His only source of income is his
monthly SSI check for disability.


MARITAL:

The defendant states that he has never been married, nor has
he fathered any children.

IN THE CASE OF JOSE YBARRA          (cont.)

MILITARY:

The defendant has never been in the United States armed services.


HEALTH:

Defendant indicates that his physical health is good.

Earlier reports on the defendant indicate that he experienced
emotional problems in early 1979 and was being seen by
a doctor at Project 16 on Clement Street.

He admits to alcoholism and drug abuse.  The defendant states
he knows he is an alcoholic and a drug addict.


INTERESTED PARTIES:

The District Attorney's Office has indicated that the defendant
be committed to state prison, twenty-one years to life, on
187 PC and three years state prison concurrent on the 245A PC.
The breakdown is as follows:  187 PC, 2nd Degree  -  fifteen years
to life; on the 12022 PC - one year; prior 187 PC - three years;
two priors - two years; total - twenty-one years.


## SUMMARY AND EVALUATION

CIRCUMSTANCES IN AGGRAVATION:

Rule 421(a)1:   The defendant inflicted great bodily harm upon the
                victim.

Rule 421(a)2:   The defendant was armed with a deadly weapon (frying
                pan) at the time of the commission of the crime.

Rule 421(b)2:   The defendant's prior convictions as an adult are
                numerous and of increasing seriousness.

- 9 -

IN THE CASE OF JOSE YBARRA          (cont.)

Rule 421(b)3:   The defendant has served prior prison term.

Rule 421(b)5:   The defendant was on probation when he committed
the crime.

Rule 421(b)6:   The defendant's prior performance on parole and
probation were unsatisfactory.
On 4/18/55, the defendant was sentenced to
state prison for violation of Sec. 211 PC
(Robbery).  On 2/27/70, he was returned to state
prison as a parole violator.  On 10/15/58,
he was sentenced to state prison for violation
of Sec. 187 PC (Murder).  On 2/27/70, he was
returned to state prison as a parole violator.
On 6/28/79, he was convicted of 245A PC
(Assault w/ Deadly Weapon) and in that matter
received imp. s/s, 3 yrs. probation and 9 mos.
in county jail.  He had just gotten out of
county jail and was on probation when he committed
the present offense.


CIRCUMSTANCES IN MITIGATION:

Rule 423(b)2:  The defendant was suffering from a mental or
physical condition that significantly reduces
his culpability for the crime.


ENHANCEMENT:

An additional year is added to the defendant's commitment
pursuant to Section 12022B PC, which was found to be true.


CREDIT FOR TIME SERVED:

Defendant was arrested on 11/15/79.  He is to be sentenced on
6/13/80.

Total credit for time served is 147 days.

- 10 -

IN THE CASE OF JOSE YBARRA       (cont.)

ANALYSIS AND PLAN:

Appearing before the Court for sentencing is defendant Jose
Garza Ybarra, a 49-year-old white male adult of Latin descent
who has been found guilty by a jury of his peers of 187 PC
(Murder) 2nd Degree with the allegation of 12022 B PC admitted
as true and 245A PC (Assault w/ a Deadly Weapon).

Prior reports have described this defendant as an inadequate
person of borderline intelligence.  It is stated that he borders
on being functually illiterate and is described as having an
emotionally unstable personality.

His record of antisocial behavior dates back to 1953, when he
was first arrested for vagrancy.  Since that time the defendant
has been arrested on numerous occasions and has had at least four
felony convictions.  He has been sentenced to confinement in
the county jail on nine separate occasions, and has been twice
committed to California state prison and has been returned to
prison as a parole violator.

Defendant has not been employed since 1967, when he, he indicates,
he suffered a back injury which has prevented him from working.
However, his institutional record, which dates back to March 25,
1970, indicates that he has completed 285 hours of vocational
training in body & fender repair during confinement and is capable
of being employed in that area.

In reference to the present offense, the defendant detailed a
long existing relationship with the victim Linda Delgado.  He
repeatedly stated to this officer that he loved Linda Delgado
and it appears that his jealousy coupled with emotional instability
resulted in his beating her so severely that she died as a result
of these injuries.

As stated earlier, this is the second time defendant Jose Ybarra
has taken someone's life.   His record is saturated with
assaults and acts of violence.  It is felt by this officer that
during the period of incarceration it is mandatory that he receive
some type of psychiatric assistance.

In view of the foregoing facts, this defendant is not viewed as
suitable for probation and probation is not recommended.

Keeping the aforementioned facts in mind, the following recommendation
is submitted.

- 11 -

IN THE CASE OF JOSE YBARRA        (cont.)


RECOMMENDATION

It is respectfully recommended that probation be denied and that
the defendant be committed to the Department of Corrections.


ARLENE M. SAUSER
Chief Adult Probation Officer

by _____
Thomas D. Hornsby
Probation Officer


APPROVED:

_____
Steve Genis
Supervisor


TDH:ar
Dated:  6/10/80


I HAVE READ AND CONSIDERED THE FOREGOING REPORT.

      Judge _____
            Superior Court, Department 23


- 12 -

FBI# 441 209 B

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION
P. O. BOX 1859, SACRAMENTO

SN#311 32 7505
OL#X142562

The following CII record, NUMBER    784 452    CFC    IS FOR OFFICIAL USE ONLY

20 M 1 UT IM 5
L 1 T MO 10

MEXICAN  5-5  126  TEXAS  10-5-1933

YBARRA:  JOSE GARCIA

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| ALIAS: | JOSE YBARRA GARCIA; JOSE A. YBARRA; JOSEPH YBARRA; JOE YBARA; JOSEPH D. YBARRA; | JOSE G. YBAR; JOSE C. YBARRA; JOSE YBANA; | | |
| 8-28-53 | PD SAN FRANCISCO, 122781 | JOSE GARCIA YBARRA | ENRT.SACTO CALIF.& 647 PC | 9-1-53,647 PC-DISM. |
| 8-31-53 | PD SAN FRANCISCO, 122781 | JOSE GARCIA YBARRA | 3 CTS.488 PC | 9-11-52,1 CT.488 P DISM.;& 90 DS.CO.J ON 2 CTS.488 PC-TO RUN CC |
| 9-1-53 | PD SAN FRANCISCO, 122781 | JOSE GARCIA YBARRA | 459 PC-REBKD. 9-2-53,503 VC | 9-30-53,3 YRS.PROB 6 MOS.CO.JL.& REST 9-10-53,503 DISM. |
| 2-21-54 | PD SAN FRANCISCO, 122781 | JOSE YBARRA | $1000 VAG. ENR PROB.OFF | 2-24-54,ENRT.PROB. OFF-DISCH. |
| 8-9-54 | PD SAN FRANCISCO, 122781 | JOSE A. YBARRA | $1000 VAG & ENRT.PROB.OFF | 8-16-54,ENRT.PROB. OFF-DISCH. |
| 9-5-54 | PD SAN FRANCISCO, 122781 | JOSE A. YBARRA | SUSP.459 PC- ENRT.PROB.OFF | 9-10-54,DISCH. |
| 9-19-54 | PD SAN FRANCISCO, 122781 | JOSE YBARRA | ENRT.PROB. OFF & SUSP. 211 PC | 9-20-54,211 PC-DIS BY D.A., 9-21-54,ERNT.-DISC |
| 11-8-54 | PD SAN FRANCISCO, 122781 | JOSE YBARRA PROB. | $100 VAG.ENRT PROB.OFF;ERNT. OAKLAND | 11-9-54,DISCH.BOTH |
| 12-23-54 | PD SAN FRANCISCO, 122781 | JOSE YBARRA | SUSP.211 PC & ENR.PROB. OFCR. 12-24-54,RE-BKD.211 PC | 1-24-55,DISCH.ON SUSP.211 PC |

CONTINUED PAGE 2

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION
P. O. BOX 1859, SACRAMENTO

The following CII record, NUMBER    784-452          IS FOR OFFICIAL USE ONLY

PAGE 2

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-27-55 | PD SAN FRANCISCO, 122781 | JOSE YBARRA | ENRT.MERCED & ENRT.PROB. OFF. | 3-4-55,DISCH.ENRT MERCED |
| 4-18-55 | CALIFORNIA STATE PRISON,A-32730 | JOE YBARRA | ROBB.2ND-211 PC | FROM: S.F.CO. TERM: 1-LIFE 10-18-56,PAROLED |
| 7-29-57 | PD SAN FRANCISCO, 122781 | JOSE YBARRA | ENRT.STATE PAROLE OFCR. & 1000 VAG. | |
| 8-30-57 | PD SAN FRANCISCO, 122781 | JOSEPH YBARRA | ENRT.ST.PAR. OFCR(3056 PC) SUSP.211 PC | 12-16-57,240 PC- 1 YR.CO.JL. 2-3-58,PAR.OFCR. DISCH. |
| 5-19-58 | PD SAN FRANCISCO, 122781 | JOSEPH YBARRA | ENR.ST.PAROLE OFF & SUSP. MURDER | |
| 6-2-58 | PD SAN FRANCISCO, 122781 | JOSEPH YBARRA | GR.JURY IND. MURDER | 10-15-58,ST.CC |
| 10-16-58 | CALIF.DEPT.OF CORRECTIONS, A-32730-A | JOSE YBARRA | RET PV W/AC MURDER 2ND (187-190 PC) | FROM: S.F.CO. TERM: 5-LIFE CC WPT 3-23-65,TRANS.TO CAMP #20 9-5-65,TO HUMBOLDT CO.JL. |
| 9-5-65 | SO EUREKA,75097 | JOE YBARA | ENRT.TO SAN QUENTIN PRISON | |

CONTINUED PAGE 3

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF CRIMINAL IDENTIFICATION AND INVESTIGATION
P. O. BOX 1859, SACRAMENTO

The following CII record, NUMBER    784 452                    IS FOR OFFICIAL USE ONLY

PAGE 3

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 9-8-65 | CALIF.DEPT.OF CORRECTIONS, A-32730-A | JOSE YBARRA | TO SAN QUENTIN | 6-20-68,PAROLED TO S.F.CO. 10-16-71,TENT.DISCH |
| -20-66 | SO LAKEPORT, 10031 | J. YBARRA | E/R SUSANVILLE | 6-23-66,E/R SUSANVILLE |
| 0-8-68 | PD SAN FRANCISCO, 122781 | JOSE GARCIA YBARRA | 1)4143A B&P POSS HYPO 2)E/R DIR. OF CORR. (PAROLE VIO.) | 10-16-68,CT.1-N.G. DISM. CT.2- 10-10-68,CT.2- DELIVERED |
| 2-13-69 | PD SAN FRANCISCO, 122781 | JOSEPH D. YBARRA | N/w 496 PC- RSP | 12-15-69,REBKD.496 PC- 12-16-69,90 DS.CJ, CTS,CI |
| 2-15-69 | PD SAN FRANCISCO, 122781 | JOSEPH D. YBARRA | 496 PC-RSP ORDER OF D.A. | 12-16-69,DISM.MO. D.A.,GLTY.242 PC- 30 DS.CJ,CC CI |
| -27-70 | CALIF.DEPT.OF CORRECTIONS, A-32730-A | JOE YBARRA | RET.PV | RETD.TFT,TERM BEGINS,4-18-55 6-7-71,PAROLED TO S.F.CO. 4-18-74,TENT.DISCH |
| -16-71 | PD SAN FRANCISCO, 122781 | JOSE G. YBARRA

CONT'D PAGE 4 | N/w 459 PC- BURG. | 7-19-71,REBKD.ATT. 459 PC 10-19-71,NOT GLTY. |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
# BUREAU OF IDENTIFICATION
P.O. BOX 1859, SACRAMENTO

The following CII record, NUMBER    784 452    **IS FOR OFFICIAL USE ONLY**

JWM                                 PAGE 4

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 1-6-72 | PD SAN FRANCISCO 122781 | JOSE G. YBAR | 1)N/WARR 11500.5 H&S POSS NARC OTHER THAN MARIJ-PRIOR CONV 2)N/WARR 496 PC RSP 3)11721 H&S NARC ADDICT 4)4143a B&P UNLAWFUL POSS HYPO NEEDLE OR SYRINGE | 5-1-72,CT.1,DISM. MO/DA; CT.2,DISM. MO/DA; CT.3,90DS. CJ.CTS;CT.4,DISM. |
| 0-17-72 | PD SAN FRANCISCO 122781 | JOSE GARCIA YBARRA | N/W 667 PC PT AFTER CONV OF FEL. | 11-1-72,REBKD SEC. 488; 10-30-72,20DS CJ CTS CI |
| )-8-73 | PD SAN FRANCISCO 122781 | JOSE G. YBARRA | 1)N/W SEC. 11350 H&S POSS HEROIN 2)N/W SEC. 11351 H&S POSS HEROIN FOR SALE 3)N/W SEC.11 11377 H&S POSS BARBIT. 4)N/W SEC. 496 PC RSP 5)4143a B&P UNLAW.POSS HYPO NEEDLE/ SYRINGE | 9-11-73,CT.1:DISC 849B1PC NOT AN ARR DET ONLY TO PROCEED ON OTHER CT;CT.2,3: REBKD AS CHGD;CT.4: DISC 849B1PC NOT AN ARR DET ONLY INSUF EVID. 11-19-73,CT.2&5:DISM MOT D.A.;CT.3:PG 11350 H&S LESSER & INCL OFF. 12-10-73,CT.3:ST PRISON;5 DS CTS CC |

CONTINUED PAGE 5

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
## BUREAU OF IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

The following CII record, NUMBER          784 452          IS FOR OFFICIAL USE ONLY

76L                                PAGE 5

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-12-73 | CALIF DEPT OF CORRECTIONS A-32730-B | JOSE GARCIA YBARRA | RET PV W/AC POSS CONT SUB (11350 H&S) | FROM S.F.CO TERM:2YRS-10YRS CC WPT 5-22-77,PAROLED TO SF CO 10-29-79 DISCH |
| -21-77 | PD SAN FRANCISCO 122781 | JOE YBARRA | 11590 H&S REG | RESIDENCE: 561 BAKER ST. #5 SAN FRANCISCO, CA |
| -24-77 | PD SAN FRANCISCO 122781 | JOSE C. YBARRA | 245A PC ADW | |
| 5-29-78 | PD SAN FRANCISCO 122781 | JOSE YBANA | 242 PC(2CTS) BATTERY | 6-30-78;#187531;JD# 38460;1CT. 242 PC; MISD;PG;JL SUSP 6MO PROB COND 2DS CJ; PROB CRT 24MOS;1CT. 242 PC;MISD;"S"DIS BY ORD OF CRT.;TOT. CTS 2DS. |
| 3-12-79 | PD SAN FRANCISCO 122781 | JOSE GARCIA YBARRA | 11590H&S REG.,CHG. ADD.ONLY | RESIDENCE: 450 ELLIS ST.#204 SAN FRANCISCO,CA. |
| | | CONT PAGE 6 | | |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF IDENTIFICATION
P. O. BOX 13417, SACRAMENTO

The following CII record, NUMBER        784 452                    IS FOR OFFICIAL USE ONLY

## PAGE 6

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 3-19-79 | PD SAN FRANCISCO 122781 | JOSE Y BARRA | NW 245APC, ADW | |
| 5-28-79 | CO PROBATION DEPT SAN FRANCISCO #229724 | JOSE YBARRA | 245A PC | CRT CS#99222; IMP SENT SUSP; 36 MOS PROB; 9 MO CJ; COMP OF CJ; REDUCED PER 17 PC & PROB TERM. |
| L1-15-79 | PD SAN FRANCISCO 122781 | JOSE YBARRA | N/W 187 PC MURDER | |
| 6-24-80 | CALIF.DEPT.CORR., C-18150 | JOSE YBARRA | CS#101295 CT.1-MURDER 2ND-187PC W/USE DW- 12022BPC | FROM: SAN FRANCISCO CO TERM: 15YRS TO LIFE CS TO 5YRS ENHANCEMENT |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

QHY.CA021015C.00784452.SONIA
IH
QHY.CA021015C.00784452.SONIA


072894  1143
SQU 1641
IH SQU

RE: QHY.CA021015C.00784452.SONIA         DATE:07-28-94 TIME:11:41:38
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:SONIA

CII/M00784452
DOB/10-05-1933   SEX/X   RAC/HISPANIC
HGT/505  WGT/000  EYE/XXX  HAI/XXX  POB/XX
NAM/01 YBARRA,JOSE GARCIA
     02 GARCIA,JOSE YBARRA
     03 YBARRA,JOSEPH D
     04 YBARRA,JOSE A
     05 YBARRA,JOSEPH
     06 YBARRA,JOE
     07 YBARRA,JOSE C
     08 YBANA,JOSE
     09 YBAR,JOSE G

FPC HENRY
20 M 1 U1 1M  5
   L 1 T  MU 10

FBI/441209B
DOB/00-00-33
CDL/X0142562
SOC/311327505
INN/CDC-C018150
     *     *     *              *     *     *
THIS SUBJECT'S RECORD IS NOT AUTOMATED - REFER TO CRIMINAL HISTORY
INQUIRY MANUAL
     *     *     *     END OF MESSAGE     *     *     *

TIME CREDIT WAIVER
(2934PC)

PRINT NAME

I JOSE G. YBARRA          having been committed for an offense which
occured prior to January 1, 1983, understand that conduct credit is granted
to me pursuant to Section 2931 of the Penal Code.  I am aware that pursuant
to Section 2931 of the Penal Code my term shall be reduced by one-third for
good behavior and participation.

I hereby waive my rights to the provisions of Section 2931 of the Penal Code.
By making the voluntary waiver, I request that future Time Credit be granted
pursuant to Section 2933 of the Penal Code.

I am aware and understand that Time Credit will be granted, based upon the
work group to which I am assigned as follows:

Work Group A:  For each six months full-time assignment, six months credit,
               or one day credit for each day assigned for a lesser period.

Work Group B:  For each six months of one-half day assignment or enrollment
               in a two or four year college program leading to a degree,
               three months credit, or one day credit for each two days
               assigned for a lesser period.

Work Group B2: For each six months on a waiting list, three months credit
               or one day for each two days on a waiting list for lesser
               period.

Work Group C:  Zero credit will be earned if I refuse a full time assign-
               ment.

Work Group D:  When I am in lockup status due to a disciplinary infraction
               zero credit will be earned for a period equal to the number
               of days of any credit loss, which may be extended in six
               month increments thereafter.

I am also aware that my work group may be changed, by the Department, due to my
behavior and/or work performance.  This waiver will be effective only when
accepted by the Department.  I am also aware that this waiver is irrevocable.

This waiver is accepted by
the Department and is
effective 1/1/83

Signed: Jose G. Ybarra

Number: C-18950

Date: 12/21/82

Witnessed: J. Chiappuzzo

Title CCI

Date 12/21/82

1-1-83

N-life

Life

MEPD 1-15-95

CDC-916 11/82

Calcd 2-2-84
Dw

RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED

A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
   1. Total days served prior to waiver date (Waiver date
      - received date + postsentence credit)            = _____
   2. A1 ÷ 2 (round down)                                = _____
   3. Less credits lost per PC2932 (PRIOR TO WAIVER      - _____
   4. Credits to be vested                               = _____

B. MAXIMUM ELIGIBLE PAROLE DATE
   1. _4-14-83_ + _15-0-0_                               = _4-14-98_
      RECEIVED DATE   TOTAL TERM                           BASE DATE
   2. Less total preconfinement credit                  - _0_
   3. Less A4 OR vest 1/2 postsentence credit           - _0_
   4. MAXIMUM ELIGIBLE PAROLE DATE                       = _4-14-98_

C. WORKTIME CREDIT PER PC2933/PC2934
   1. Less NET Worktime credit earned from waiver/
      received date through 2-15-89 or end of DSL        - _2045_
      term if later
   2. Current MEPD (cannot exceed B4)                    = _9-7-92_

D. GOOD TIME CREDIT PER PC2931
   1. Date credit applied through (2-15-89
      or date DSL term ends if later)          - _2-15-89_
   2. Days left to serve                       = _1300_        = _434_
   3. Divide by 3 (round up)
   4. PC Balance (D3 ÷ 4)                       = _109_
   5. BC Balance (D4 x 3)                       = _325_

E. RECALCULATED MEPD (C2 - D3)                            = _7-1-91_
   1. Add credits lost for CDC 115's after D1        + PC___ BC___
   2. Subtract restorations for credit losses in E1 - PC___ BC___
   3. New PC/BC Balance                        PC=___ BC=___
   4. Add any 7 or 9 year MEPD CS Life term(s)              + _____

F. ADJUSTED MEPD (E + E1 - E2 + E4)                       = _____

G. INITIAL PAROLE CONSIDERATION HEARING                   = _6/90_
   (13 months prior to F)                                   month/year

H. NEXT DOCUMENTATION HEARING    #_____                  = _____
                                                             month/year

Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted _____ days worktime credit
from _____ through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is _____. Your initial
life parole consideration hearing will be scheduled during the month
of _____/first available calendar (circle one).

_C. Archibald_                    _12-10-91_
CASE RECORDS STAFF                  DATE

_C18150_          _Ybarra_              _CMF-S_
NUMBER             NAME                INSTITUTION
5/89                    FORM A - SIDE 1

```
KMHQ1M02              OFFENDER BASED INFORMATION SYSTEM            07/03/2007
KMHQ1P01         MOVEMENT HISTORY of C18150 - YBARRA,JOSE          02:01 PM
Page  01                                          Report Date: 09/10/2002
```

09/10/2002   TEMP RELEASE     TO MED  FROM SQ      CUSTODY: CDC/MAR   RET SAME DAY
                              MARIN GENERAL HOSP

07/12/1993   TRANSFERRED      TO SQ            FROM CSP-S

03/27/1993   CHANGED UNIT     NEW UNIT: MAIN      OLD UNIT: INF

03/21/1993   CHANGED UNIT     NEW UNIT: INF      OLD UNIT: MAIN

11/28/1988   TRANSFERRED      TO CSP-S         FROM CTF-N

03/12/1985   TRANSFERRED      TO CTF-N         FROM CTF-C

07/12/1984   CHANGED UNIT     NEW UNIT: IHOSP     OLD UNIT: MAIN

11/30/1983   TRANSFERRED      TO CTF-C         FROM SQ

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
                                              Next                  Selec Quit
KMHQ1P01: The most recent movement is listed first.

```
KMHQ1M02                OFFENDER BASED INFORMATION SYSTEM              07/03/2007
KMHQ1P01          MOVEMENT HISTORY of C18150 - YBARRA,JOSE             02:02 PM
Page  02                                            Report Date: 09/10/2002
```

| | | | |
|---|---|---|---|
| 01/22/1981 | TRANSFERRED | TO SQ | FROM CTF-C |
| 07/31/1980 | TRANSFERRED | TO CTF-C | FROM NRC |
| 07/31/1980 | TRANSFERRED | TO NRC | FROM CMF |
| 07/17/1980 | TRANSFERRED | TO CMF | FROM NRC    TEMPORARILY |
| 06/24/1980 | ADMITTED | TO NRC A32730 | FROM SC/SF    AS AN ISL |

```
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
                                            Prev                    Selec Quit
KMHQ1P01: This is the last page.
```